UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In re<br><br>NORTHWOOD PROPERTIES, LLC,<br><br>Debtor | Chapter 11<br>Case No. 05-18880-RS |
|---|---|

MEMORANDUM OF DECISION ON
DEBTOR'S OBJECTIONS TO TRANSFERS OF CLAIMS
(Bourne, Delise, Tyler)

Before the Court are objections by the Debtor to the transfer of claims from three pre-petition creditors of the Debtor to three individuals who have opposed the Debtor's reorganization efforts. For the reasons stated below, the Court overrules the objections.

## Background

Northwood Properties, LLC is the Debtor in this Chapter 11 case, holding development rights to Northwood at Sudbury, a condominium development ("Northwood"). Sidney Bourne and Claudio Delise own (or co-own) units at Northwood; they have raised concerns regarding the Debtor's development and management capabilities warranting their opposition to the Debtor's exercise of its development rights in respect of Northwood. Ralph Tyler has filed a $622,270 pre-petition claim against the Debtor for attorney's fees arising from his successful dismissal of a pre-petition lawsuit by the Debtor against him (and others) under MGLA c. 231 sec. 59H (the so-called anti-SLAPP statute).[1]

Since the Debtor commenced the case on September 22, 2005, Bourne, Delise and Tyler have actively opposed most if not all efforts by the Debtor to effectuate a plan of reorganization formulated around the Debtor's remaining development rights at Northwood. At present, the

---

[1] He also seeks attorney's fees in respect of the same matter under MGLA c. 231 sec. 6F (the so-called frivolous lawsuit statute).

Debtor is proceeding toward a confirmation hearing on its plan of reorganization (scheduled for July 18, 2006).

On March 28, 2006, Bourne, Delise and Tyler filed a notice of claims transfer under Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure. More specifically, Bourne acquired the $50 pre-petition claim of NStar; Delise acquired the $305.92 pre-petition claim of GZA Geoenvironmental, Inc.; and Tyler acquired the $50 pre-petition claim of Keyspan ("Claims") ("Claims Transfers") ("Claims Transferees"). By their account, they did so to afford them added leverage in opposing the Debtor's plan, to afford them the opportunity to propound their own plan in competition with the Debtor's plan and, in Tyler's case, to assist him in his pursuit of his attorney's fee claim. They have engaged in settlement talks with the Debtor regarding their concerns and claims but have reached no rapprochement.

The Debtor objects to the Claims Transfers on two separate but related grounds: *first*, that the Claims Transfers were undertaken by the Claims Transferees as a joint enterprise for the improper purpose of obstructing the Debtor's attempts at reorganization; and *second*, that the Claims Transfers are part of a continuing conspiracy among Bourne, Delise and Tyler to obtain an advantage or benefit in the case to which they would not otherwise be entitled. The Debtor portrays the alleged joint enterprise and the alleged conspiracy as covert and collusive. In effect, the Debtor would have me find an impropriety in one or both of the following: concerted opposition to its plan and pursuit of financial accommodations to resolve that opposition.

The Claims Transferees contend that they acquired the Claims openly and aboveboard, in compliance with applicable bankruptcy rules and for a valid purpose, namely, to facilitate their opposition to the Debtor's reorganization plan, whether by way of plan rejection (voting the Claims against the Debtor's plan) or by way of plan competition (formulating and filing their

2

own plan) and, in Tyler's case, to press his pre-petition claim. The Claims Transferees also contend that the Debtor lacks standing to object to the Claims Transfers since Rule 3001(e)(2) contemplates notice to, and objection by, the alleged transferor not the Debtor or any other party.

On June 20, 2006, the Court held a non-evidentiary hearing on the Objections. Based upon the Claims Transfers, the Objection, the arguments, the record and applicable law, the Court makes the following findings and rulings.

### Findings

1. The Claims Transferees acquired the Claims in accordance with Rule 3001(e)(2).

2. Absent allegations not here present such as breach of fiduciary duty or fraud, the Debtor lacks standing to object to the Claims Transfers. *In re SPM Mfg., Corp.* 984 F.2d 1305 (1st Cir. 1993).

3. No such allegations (of breach, fraud or otherwise) have been made or proven despite the Debtor's strenuous effort to uncover a collusive or covert enterprise fraught with bad faith and improper purpose. To the contrary, the Claims Transferees have acted here as they have throughout the case - openly and aboveboard albeit together to thwart a reorganization they oppose. They may be implacable adversaries of the Debtor but that alone does not warrant the extraordinary remedy of invalidation of the Claims Transfers.

4. The decisional law on which the Debtor relies affords little basis for inquiry, let alone invalidation. For example, in *In re Applegate Property, Ltd.*, 133 B.R. 827 (Bankr. W.D.Tex.. 1991), an affiliate of a debtor acquired claims without disclosure to block a competing creditor's plan and to insure confirmation of the debtor's plan. Here, of course, the Claims Transferees are not insiders, the disclosure of the Claims Transfers has been full, prompt and open, there are no competing plans, only the Debtor's and perhaps (though by no means certain)

one to be filed by the Claims Transferees, and the Claims Transferees can hardly be characterized as collusive or covert—their every action in opposition, while often reflecting the rough edges of a *pro se* initiative (they are not represented by counsel in the case), has been overt, properly purposeful and compliant with applicable law and rules.

5. Bourne, Delise and Tyler are entitled to acquire claims against the Debtor to advance their interests in seeking to prevent confirmation of a plan they oppose and to afford them a vehicle, however low-test, to propound their own plan should they formulate one and, in Tyler's case, to pursue such attorney's fee rights as remain to him after an apparently thus far unsuccessful effort to obtain same in state court.

### Rulings

1. The Claims Transfers were not acquired in bad faith or with fraudulent intent or for an improper purpose; rather they were acquired in accordance with applicable rules, with full, timely and complete disclosure, and to advance legitimate interests of the Claims Transferees.

2. The Court overrules Debtor's Objection to the Purported Assignment of Claim of Keyspan to Ralph S. Tyler, Debtor's Objection to the Purported Assignment of Claim of NSTAR to Sidney Bourne, and Debtor's Objection to the Purported Assignment of Claim of GZA Geoenvironmental to Claudio Delise. The Claims Transfers are valid and subsisting. A separate order will enter accordingly.

Dated: June 21, 2006

Robert Somma
United States Bankruptcy Judge

cc:  Alan L. Braunstein, Esq., Counsel to Debtor
John J. Monaghan, Esq., Counsel to Tashmoo Cove Realty, Inc.
Donald F. Farrell, Jr., Esq., Counsel to Northwood at Sudbury Condominium Trust
Sidney Bourne
Claudio Delise
Ralph S. Tyler