# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| In re | |
|---|---|
| **NORTHWOOD PROPERTIES, LLC,** | Chapter 11 |
| | Case No. 05-18880-RS |
| Debtor | |

### MEMORANDUM OF DECISION ON
### DEBTOR'S OBJECTION TO CLAIM OF RALPH TYLER

Before the Court is the Debtor's objection to the claim of Ralph S. Tyler. For the reasons set forth below, the Court now sustains the objection.

### Background

Northwood Properties, LLC, the Debtor herein, is the owner and developer of a multi-phase residential condominium development in Sudbury, Massachusetts ("Development"). Tyler and two others opposed the Development before the Town of Sudbury Zoning Board and in a Land Court action appealing the Board's issuance of a building permit. In late 2000, their opposition was purportedly settled by agreement, but Tyler himself was not a party to the agreement. The settlement became a matter of dispute. The Debtor and the Development's condominium association ("Association") sued Tyler and his two co-opponents ("Lawsuit"). They responded with a special dismissal motion under Section 59H of Chapter 231 of the Massachusetts General Laws, the so-called Anti-SLAPP statute. M.G.L.A. c. 231 § 59H. The Superior Court granted the dismissal as to Tyler and one co-defendant but denied dismissal as to the other co-defendant. The Court found that Tyler was, as he claimed, unaware of the settlement agreement and that Northwood and the Association had sued Tyler solely on the basis of his opposition to the issuance of a building permit for the Development.

Thereafter, Tyler filed separate motions seeking attorney's fees in respect of the dismissal, one under Section 59H and one under Section 6F of Chapter 231 of the Massachusetts General Laws. The latter requires an award of costs, expenses, attorney's fees, and other recoveries for claims in civil actions determined to be wholly insubstantial, frivolous, and not advanced in good faith. M.G.L.A. c. 231 § 6F. The Superior Court denied both motions; Tyler moved for reconsideration, and the Superior Court denied the motions for reconsideration. Since then, Tyler has dedicated significant time and effort in seeking reversal of these denials and an award of attorney's fees.

The commencement of the Debtor's Chapter 11 case ("Case"), on September 22, 2005, suspended Tyler's Superior Court activities regarding attorney's fees. On November 21, 2005, Tyler filed in the Case a claim for $622,270, consisting of $273,600 for legal costs in obtaining dismissal of the Lawsuit and $348,670 for legal costs in seeking to obtain a fee award on account of such dismissal. Tyler is not a lawyer and was not represented by a lawyer in the Lawsuit. He calculates his attorney's fee request by applying a presumed lawyer's market hourly rate to the time he alleges that he spent in both dismissal and fee award activities. He has *not* alleged that he incurred any obligation to a lawyer for services in connection with these activities. In effect, he contends that a non-lawyer pro se litigant may recover for his performance of legal services on his own behalf in a Section 59H proceeding and in a Section 6F proceeding.

The Debtor contends (a) that there is no provision for attorney's fees for non-lawyer pro se litigants under Section 59H or Section 6F and (b) that there was no finding in the dismissal decision that the Lawsuit was wholly insubstantial, frivolous, and not advanced in good faith, a prerequisite for an award under Section 6F.

I heard the matter on June 20, 2006 and deferred ruling for the reasons described below.

2

**Plan**

In July 2006, over the opposition of Tyler and two unit owners, I confirmed the Debtor's plan of reorganization ("Plan") and the concomitant right of the Debtor to develop the remaining phases and units of the Development. Under the Plan, Tyler's claim is separately classified and paid in full upon allowance.

Tyler and two unit owners appealed both confirmation of the Plan and extension of the Development rights. I deferred ruling on Tyler's claim pending these appeals. Ultimately, the appeals were denied and the Plan objection and Development extension rulings were affirmed. See *In re Northwood Properties, LLC*, 509 F.3d 15 (1st Cir. 2007). Accordingly, Tyler's claim is ripe for adjudication.

**Framework**

A claim filed in accordance with the Bankruptcy Code is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). A claim filed in accordance with the bankruptcy rules constitutes prima facie evidence of the validity and amount of the claim. Bankruptcy Rule 3001(f). Notwithstanding this presumption of validity, the ultimate burden lies with the claimant if the presumption is overcome.

**The Section 59H Claim**

Section 59H is intended to prevent generally meritless lawsuits brought by large private interests to deter common citizens from exercising their political and legal rights or to punish them for doing so. *Durocraft Corp. v. Holmes Products Corp.*, 427 Mass. 156 (1998). Under Section 59H, a party may bring a special dismissal motion asserting that the claim against such party is based on that party's exercise of his constitutional right of petition. The court is required to grant such motion unless the non-moving party shows that the moving party's exercise of its

3

right to petition was "devoid of any reasonable factual support or any arguable basis in law." Further, upon granting a special motion to dismiss, "the court shall award the moving party costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters." Section 59H makes no provision for an award of attorney's fees to a pro se litigant. Nonetheless, Tyler claims $622,270 in attorney's fees for *his* activities in the Lawsuit.

There are three problems with Tyler's claim under Section 59H. *First*, an attorney's fee is customarily understood to be the charge to a client by a licensed attorney for legal services performed for the client by that attorney. Tyler is not a licensed attorney and cannot perform legal services for others, much less charge for them. Moreover, "[i]n its most general sense," says Black's Law Dictionary, the word attorney "denotes an agent or substitute, or one who is appointed and authorized to act in the place or stead of another." *Black's Law Dictionary*, 6th ed., p.129. Tyler is not licensed to practice law; nor, in representing himself, was he acting in place of another. There is no sense in which Tyler can be deemed an attorney. *Second,* in G.L. c, 231, § 6F, the legislature made express provision for recovery by a pro se litigant of compensation for his or her own effort.[1] The absence of similar language in Section 59H is an indication that the legislature did not intend for pro se litigants to be compensated thereunder for their efforts at legal self-defense. *Third*, Section 59H mandates recovery for attorney's fees *incurred* by a party. Tyler has nowhere contended that he has incurred *any* attorney's fees; he acknowledges that he was not represented by an attorney in this matter.

Accordingly, Tyler's claim for attorney's fees is not within the contemplation of Section 59H and without legal basis. "Attorney's fees"constitute all but $3,070.00 of Tyler's claim, the

---

[1] "If the party against whom such claims were asserted was not represented by counsel, the court shall award to such party an amount representing his reasonable costs, expenses and effort in defending against such claims." G.L. c. 231, § 6F.

4

balance being a demand for "costs" for transcripts, copies, and court fees. Section 59H permits compensation for the claimant's costs; costs are not limited to those of the claimant's attorney. The Debtor articulates no objection to this component of Tyler's claim; therefore, as to this component, the presumption of validity is unrebutted, and the claim is therefore allowed in the amount of $3,070.00.

## The Section 6F Claim

Section 6F is intended to provide a remedy for claims in a civil action determined to be wholly insubstantial, frivolous, and not advanced in good faith. M.G.L.A. c. 231, § 6F. *See Masterpiece Kitchen and Bath, Inc. v. Gordon*, 425 Mass. 325 (1997).

Section 6F operates as follows: *first*, upon motion in a civil action, a court may find that a claim made by a party represented by counsel is wholly insubstantial, frivolous, and not advanced in good faith; *second*, in doing so, the court must include in the finding the specific facts and reasons on which that finding is based; *third*, having made such finding, the court must award an amount representing reasonable counsel fees and other costs and expenses incurred by a party in defending against such claims; and *fourth*, if the aggrieved party is not represented by counsel, the court must award such unrepresented party an amount representing his reasonable costs, expenses, and effort in defending against such claims.

There are three problems with Tyler's claim under Section 6F. *First*, in granting Tyler's special dismissal motion, the Superior Court made no finding that the claims of the Debtor and/or the Association in the Lawsuit were "wholly insubstantial, frivolous and not advanced in good faith." Moreover, when Tyler asked the Court to amend its ruling to incorporate such a finding, the Court expressly declined to do so. Thus, Tyler cannot meet a threshold requirement for a Section 6F award, and this by itself is dispositive. *Second*, Tyler did not incur counsel fees

5

in the Lawsuit, as noted above, since he is not himself a lawyer and was not represented by a lawyer in the Lawsuit.[2] *Third,* while Tyler may be entitled to "an amount representing his reasonable . . . effort in defending against" the Lawsuit, that is not what he has claimed. His claim is for attorney's fees but, since he is not a licensed lawyer, his effort cannot be valued as a lawyer's. To find otherwise would be to permit a non-lawyer pro se litigant to circumvent both the letter and the spirit of Section 6F, by treating such litigant's effort as that of a lawyer even if he is not. Therefore, even if Tyler were entitled to recovery, the recovery would be limited to an amount representing "his reasonable costs, expenses and effort," not the value of services that an attorney might have rendered in the matter. For these reasons, Tyler's claim is not within the contemplation of Section 6F, and the Debtor's objection to Tyler's claim under Section 6F is sustained.

## **Conclusion**

A separate order will enter sustaining the Debtor's objection and allowing Tyler's claim in the limited amount of $3,070.00.

Date: February 1, 2008    _____
　　　　　　　　　　　　　　　　Robert Somma
　　　　　　　　　　　　　　　　United States Bankruptcy Judge

cc: Ralph S. Tyler, Pro Se
　　Donald F. Farrell, Counsel to Northwood at Sudbury Condominium Trust
　　Eric K. Bradford, United States Trustee's Office
　　Alan L. Braunstein, Counsel to Debtor
　　John J. Monaghan, Counsel to Tashmoo Cove Realty Inc.

---

[2] Section 59H employs the term "attorney's fees" while Section 6F employs the term "counsel fees." Neither term is defined. I construe them as interchangeable and intended to mean the fees of a lawyer licensed to practice.

6